UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**UNITED STATES OF AMERICA**

**V.**                                                                               **4:04CR00239-7 JMM**

**JOSE MENDIOLA**

### ORDER

On December 21, 2005, Petitioner executed a written plea agreement and entered a plea of guilty to conspiracy to distribute and to possess with the intent to distribute 1000 kilograms or more of marijuana in violation of 21 U.S.C. § 841(a)(1), using and discharging a firearm during a drug trafficking offense in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2, and conspiracy to launder drug proceeds in violation of 18 U.S.C. § 1956(h).  The Court sentenced Petitioner to a term of 330 months imprisonment.  There was no appeal.  Currently pending before the Court is Petitioner's motion filed pursuant to 28 U.S.C. § 2255 on February 26, 2009 and the Government's motion to dismiss filed on March 18, 2010.

In his § 2255 petition, Petitioner argues that his counsel was ineffective for (1) failing to file several pre-trial motions and (2) failing to file a notice of appeal to his sentence as requested.  Based upon Petitioner's allegation, the Court scheduled an evidentiary hearing on March 10, 2010 to determine whether Petitioner actually requested that his counsel at the time, Cathi Compton, file a Notice of Appeal.  However, Petitioner's post-judgment counsel, Steven Rozan, failed to appear on behalf of his client.  The hearing was cancelled.  Subsequently, the Court was notified that Rozan had been administratively suspended from the practice of law by the State of Texas for twenty-four (24) months.  The Court, therefore, appointed new counsel for the Petitioner.

In the interim, the United States filed its motion to dismiss the § 2255 petition because it was filed almost three years after Petitioner was sentenced and is time barred by the statute of limitations in 28 U.S.C. § 2255(f). Petitioner's new counsel, Danny Glover, argues that Petitioner was advised by Rozan that his § 2255 had been timely filed in early 2007 and, for this reason, Petitioner should be allowed to file a belated petition.

In certain circumstances, ineffective assistance of counsel may toll the statute of limitations. "The Eighth Circuit has recognized that the doctrine of equitable tolling is available to a § 2255 movant, but it is available only where 'an attorney's behavior may be so outrageous or so incompetent as to render it extraordinary.' " *Byers v. United States*, 561 F.3d 832, 836 (8th Cir. 2009) (citing *United States v. Martin,* 408 F.3d 1089, 1093 (8th Cir. 2005)). An attorney's negligence or mistake does not generally constitute such circumstances that would justify equitable tolling. *Id.* Further, the circumstances must not be attributable to the petitioner and must be beyond his control. *Id.*

A "petitioner's allegation that he was deceived by his attorney into believing that a timely § 2255 motion had been filed on his behalf presents a 'rare and extraordinary circumstance beyond petitioner's control that could warrant equitable tolling of the statute of limitations if petitioner reasonably relied on the attorney's misrepresentations." *Martin*, 408 F.3d at 1093-94 (quoting *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002)). The conclusion that equitable tolling is appropriate assumes the petitioner can establish the attorney misled him. *Wynn*, 292 F.3d 230-31. The circuit court in *Wynn* remanded the case to the district court to hold a hearing on those issues. *Id.*

Here Petitioner claims that Rozan informed him that his § 2255 motion was timely filed

in early 2007.  Rozan, however, did not file the motion for two years.  Petitioner asserts that he was deceived by Rozan into believing that his § 2255 motion was timely filed.  After considering Petitioner's allegations and the unusual circumstances of this case, the Court finds that Rozan's actions do amount to the rare and extraordinary circumstances that constitute equitable tolling of the statute of limitations.  Therefore, the Court will consider the § 2255 petition.

      A.  <u>Counsel Was Ineffective for Failing to File Several Pre-trial Motions</u>

On November 29, 2004, Petitioner's counsel, Cathi Compton, filed a five-page motion for discovery in Petitioner's case.  In the motion, Petitioner asked the Court for an Order "directing and commanding" the U.S. Attorney to disclose and produce to the Defendant an exhaustive list of information, including: all witnesses and their prior criminal history, all written, recorded, and oral statements made by the witnesses and the Defendant, all reports or statements, graphs, charts, and handwritten notes of experts made in connection with the case, any books, papers, documents photographs to be used at trial or which were obtained from or belong to the Defendant, all transcripts or summaries of electronic or physical surveillance of the Defendant, the names, addresses and telephone numbers of persons who have knowledge of material facts in connection with the case, the names of informants, a description of the manner of defendant's alleged participation in the offense, any affidavits and transcripts of any recorded or oral testimony given in support of applications for search and seizure or arrest warrants, copies of all search and seizure warrants and arrest warrants, any exculpatory evidence, any tape recordings, tapes, still photos, motion pictures and video tape recordings relevant to the case, and the relationship to the prosecution of any witnesses who are to be called at trial. (Docket # 143). The Court denied the Defendant's motion to the extent that it exceeded the applicable discovery

law set forth in the Federal Rules of Criminal Procedure and *Brady v. Maryland*, 373 U.S. 83 (1963). (Docket # 191). The Court finds Petitioner's contention that his counsel failed to file pre-trial discovery motions to be without merit.

      B.  <u>Counsel was Ineffective for Failure to File a Notice of Appeal</u>

Next, Petitioner claims that he asked Compton to file a Notice of Appeal of his sentence. Failure to File a *requested* direct appeal is *per se* ineffective assistance of counsel. There is no need to show prejudice. *See Peguero v. United States*, 119 S.Ct. 961 (1999); *Hollis v. United States*, 687 F.2d 257, 259 (8th Cir.1982). Therefore, the Court will again schedule an evidentiary hearing to determine whether Petitioner actually requested that Compton file a Notice of Appeal on his behalf.

In conclusion, the Government's Motion to Dismiss (Docket # 569) is DENIED. Petitioner's § 2255 motion (Docket # 538) is DENIED with regard to his argument that his counsel was ineffective for failing to file several pre-trial motions. The Court is taking Petitioner's remaining § 2255 claim under advisement pending a hearing on the matter.

IT IS SO ORDERED this 7th day of July, 2010.

                                                        /s/ James M. Moody
                                                        James M. Moody
                                                        United States District Judge